UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RACI VENDRYES,

                Plaintiff,

     -against-

SOCIAL SECURITY ADMINISTRATION,

                Defendant.
----------------------------------------------------------------X

FILED
CLERK
7/13/2017 12:57 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM & ORDER**
17-CV-1781 (JMA)(ARL)

**AZRACK, District Judge:**

On March 29, 2017, pro se plaintiff Raci Vendryes ("plaintiff") filed a complaint in this Court against the Social Security Administration ("SSA" or "defendant") pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an incomplete application to proceed in forma pauperis. Accordingly, by Order dated May 11, 2017 (the "May Order"), the application to proceed in forma pauperis was denied without prejudice and with leave to renew upon completion of the AO 239 in forma pauperis application ("long form"). Plaintiff was directed to either complete the long form in forma pauperis application or remit the $400 filing fee within fourteen (14) days from the date of the Order. Plaintiff was cautioned that a failure to timely comply with the May Order would lead to dismissal of the complaint without prejudice. On May 22, 2017, plaintiff timely filed the long form.

Upon review of the declaration accompanying plaintiff's application to proceed in forma pauperis, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C § 1915(a)(1). Accordingly, plaintiff's application to proceed in forma pauperis is granted. However, because the Court lacks subject matter jurisdiction to adjudicate plaintiff's claims for the reasons that follow, the complaint is sua sponte dismissed without prejudice pursuant to Federal Rule of Civil

1

Procedure 12(h)(3) and 28 U.S.C. §1915(e)(2)(b)(ii)–(iii).

## I.  BACKGROUND[1]

Plaintiff's sparse, handwritten complaint is submitted on the Court's civil rights complaint and it is supplemented with twenty-three (23) pages of attachments. Although plaintiff's complaint is difficult to comprehend, it appears plaintiff is seeking to completely opt out of the Social Security program and to have refunded any moneys collected from him under the program. (See generally Compl.) In its entirety, the plaintiff's Statement of Claim alleges:[2]

> I had went to the local Social Security Administration to get a copy of my original SS-5 form. Then I spoke to a Ms. Lopez and she said that I cannot get a copy of the original form because it was destroyed. After that I showed Ms. Lopez the Social Security Administration guidelines and she still refused to give me the copy of the original SS-5 from but I had asked Ms. Lopez for the date the application was made and she gave me this information. Now after that happen I made a new SS-5 form filled out and signed by me with a full legal notice with a demand for a rebuttal letter which I will attach to the complaint. Then I received a rebuttal letter form the SSA and it had no laws to support there claim just a lot of BS. Then it was not even signed by a agent. Look at SSA [indecipherable]. Now after I got that fake letter from the SSA I sent the letter and my packet to Loretta E. Lynch at the Department of Justice and the D.O.J. and she sent it to the civil rights department and every lawyer ran from it. I will be attaching the D.O.J. letter which they say that Federal laws has no involvement with this matter, but if you take a look at my packet it is full of Federal laws.

(Compl. ¶ III.C.)

Annexed to the complaint is a copy of a Social Security Administration Request ("SSA") For Withdrawal of Application Form in which plaintiff alleges the following:

> (1) I was never explicitly consented to participate; (2) I was lied to about the affects of participation; (3) I never maintained a legal domicile the "United States" as defined in the current Social Security Act Section 1101(a)(2) and 42 U.S.C 1301(a)(2) as required by 20 CFR 422.104. I therefore permanently and irrevocably wish to terminate participation and any number that was unlawfully issued under the program and all contributions illegally withheld or sent in to be

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

returned to me.

(See Exhs. to Compl. at 29, 31.)

Plaintiff has also annexed a copy of a letter, dated September 20, 2016, from plaintiff to Carolyn W. Colvin, then-Acting Commissioner of the Social Security Administration, wherein he claims that his parents fraudulently submitted an application to Social Security Administration on his behalf without his consent when he was "a minor."[3]  In response, the Social Security Administration sent plaintiff a letter dated October 21, 2016 explaining that, "[p]eople cannot voluntarily end their participation in the [Social Security] program."  (See Exhs. to Compl. at 14, 18.)  The letter explains that "everyone working in the United States must pay Social Security taxes," although a person may elect not to receive social security benefits.  (See Ex. to Compl. at 14).  The letter further explains that "[t]he law requires the Social Security Administration to maintain records of workers' earnings and to establish any other records necessary to carry out our responsibilities under the Social Security Act. . . .  Once you have a Social Security number, we cannot cancel or destroy the record."  (See id.)

In the space on the form complaint that calls for a description of any injuries suffered, plaintiff alleges that "[t]he right to my personal information has been violated, and my right to contract has been violated also."  (Compl. ¶ IV.)  For relief, plaintiff alleges "[a]ll I want is for the Court to enforce the law, and remove the lie that was forced upon me without my consent" (id. ¶ V) as well as the return of any funds he has paid into the program.  (See Exhs. to Compl. at 29, 31.)

## II.   DISCUSSION

**A.   In Forma Pauperis Application**

Upon review of plaintiff's declaration in support of the application to

---

[3] Given that plaintiff's application for a Social Security card annexed to the complaint includes a date of birth of December 23, 1977, any claims arising from the initial application for social security card are likely well-outside the applicable statute of limitations.

3

proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

**B.     Standard of Review**

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983 Claim**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361 (2012).   "In order to state a claim under § 1983, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."   Dwyer v. Regan, 777 F.2d 825, 828 (2d Cir. 1985); see also Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

Because Section 1983 "constrains only state conduct," Hooda v. Brookhaven Nat'l Lab., 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009), civil rights claims against a federal actor are cognizable under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971); see also Hartman v. Moore, 547 U.S. 250, 254 n. 2 (2006) ("[A] Bivens action is the federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983."). In Bivens, the Supreme Court recognized an implied cause of action for damages against individual officers acting under color of federal law to deprive plaintiff of a constitutional right. Given plaintiff's pro se status, the Court liberally construes his claim as brought pursuant to Bivens, rather than Section 1983.[4]

**D.    Sovereign Immunity**

Plaintiff alleges that a federal government agency, the SSA, has violated his civil rights. For the reasons that follow, such claims are barred by sovereign immunity.   It is well settled that,

---

[4] Although the Court construes plaintiff's claim as brought pursuant to Bivens rather than Section 1983, such claim would nevertheless fail under Bivens given that plaintiff does not allege that an individual officer deprived him of a constitutional right.

as sovereign, the United States "is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (quoting United States v. Mitchell, 455 U.S. 535, 538 (1980)). "Because an action against a federal agency or federal officers in their official capacity is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived." Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) (citations omitted). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); see also Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004) ("It is, of course, axiomatic under the principle of sovereign immunity that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.") (internal quotation marks omitted). Moreover, "waivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and cannot simply be implied. Binder & Binder, P.C. v. Colvin, 818 F.3d 66, 70 (2d Cir. 2016). Importantly, because a district court would lack subject matter jurisdiction to adjudicate claims against the United States absent a waiver of sovereign immunity, the plaintiff bears the burden of establishing that his "claims fall within an applicable waiver." Makarova, 201 F.3d at 113; see also United States v. Mitchell, 463 U.S. 206, 212 (1983) (waiver of sovereign immunity is a prerequisite to subject matter jurisdiction).

Here, the complaint does not allege that the United States has waived its sovereign immunity, nor does it include any statutory basis to support a finding that the SSA has waived its sovereign immunity as to plaintiff's claims. Rather, Congress has authorized only a limited basis for judicial review of SSA determinations. See 42 U.S.C. § 405(g). Pursuant to 42 U.S.C. § 405(g):

6

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g). "Section 405(g) is the only waiver of sovereign immunity in the [Social Security] Act and is the exclusive statutory authority for judicial review." Joseph v. Soc. Sec. Admin., 16-CV-3377, 2017 WL 1067804, at *4 (E.D.N.Y. Feb. 28, 2017), report & recommendation adopted by, 2017 WL 1078570 (E.D.N.Y. Mar. 20, 2017); see also 42 U.S.C. § 405(h) ("No finding of fact or decision of the Commissioner of Social Security shall be reviewed by a person, tribunal, or governmental agency except as herein provided."). Indeed, "[t]he Second Circuit has interpreted 42 U.S.C. § 405(g) to confer subject matter jurisdiction to the federal courts only after a final decision of the Commissioner of Social Security follows an actual hearing on the merits." Joseph, 2017 WL 1067804, at *4 (citing Dietsch v. Schweiker, 700 F.2d 865, 867 (2d Cir. 1983)); see also Katsoulakis v. Astrue, 10-CV-0081, 2011 WL 3877080, at *5 (E.D.N.Y. Aug. 31, 2011) ("Although the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of SSA's final decisions made after a hearing, and confers subject matter jurisdiction to that extent, it is well-established that the Act does not provide 'a private right of action for monetary relief.'").

Here, plaintiff does not seek judicial review of a final decision of the Commissioner of Social Security made after a hearing to which he was a party. Accordingly, plaintiff's claims are barred by sovereign immunity and this Court lacks subject matter jurisdiction to hear plaintiff's claims against SSA. The complaint is thus dismissed sua sponte without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2) (B)(ii)-(iii).

**D.     Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted).  Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint . . . ."  Boddie v. New York State Div. of Parole, 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted).  Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile."  Id. (citations omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint.  Because the Court lacks subject matter jurisdiction over plaintiff's claim against SSA, amendment would be futile and leave to amend the complaint is denied.

### III.     CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted and the complaint is sua sponte dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                                                 _____/s/ (JMA)_____
                                                                                                Joan M. Azrack
Dated:  July 13, 2017                                                           United States District Judge
            Central Islip, New York